```
                  IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF KANSAS


GREGORY J. BARNES,                  )
                                    )
                   Plaintiff,       )     CIVIL ACTION
                                    )
v.                                  )     No.  05-1328-MLB
                                    )
GENETIC TECHNOLOGIES, INC.,         )
                                    )
                   Defendant.       )
                                    )
```

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Barnes' motion to recuse (Doc. 6);

3. Defendant's opposition to Barnes' motion to recuse (Doc. 8); and

2. Barnes' "motion to hear" (Doc. 9).

For the following reasons, Barnes' motion to recuse is denied.

Barnes[1], proceeding pro se alleges that defendant negligently performed a paternity test which showed that he was the father of a child (Doc. 1). John Val Wachtal has entered his appearance for defendant.

In his motion, Barnes states: "Representing counseling [sic] John Val Wachtal and Klenda, Mitchell, Austerman and Zuercher,

---

[1] The court is familiar with Barnes. In <u>Advantage Properties, Inc. v. Commerce Bank, NA</u>, Barnes, president and sole stockholder of Advantage Properties, Inc. sued claiming racial discrimination in violation of the Equal Credit Opportunity Act. After a settlement was reached, Barnes attempted to back out. Ultimately, this court enforced the settlement and the Tenth Circuit affirmed this court's rulings. 242 F.3d 387, 2000 WL 1694071 (10th Cir.). Barnes has filed three cases as a named plaintiff: <u>Barnes v. State of Kansas</u>, Case No. 04-1382-WEB, <u>Barnes v. State of Kansas</u>, Case No. 05-1273-MLB and <u>Barnes v. Roberts</u>, Case No. 05-1327-WEB. The first two cases were closed in June and September, respectively.

L.L.C. was obtained for legal services in 1997 thru present for delinquent check cashing collection cases for Lucky 7 Payday Loan, Inc., Gregory J. Barnes." In his opposition, Mr. Wachtal has explained that in 1997, his law firm entered into a written agreement to represent Lucky 7 Payday Loan. The agreement was signed by Barnes. Mr. Wachtal wrote a demand letter and participated in a conference with one of his partners concerning a dispute between Barnes and another party. Neither Mr. Wachtal nor his law firm have represented Barnes since December 1997.

In Lowe v. Experian, 28 F. Supp. 2d 1122, one of this court's magistrate judges observed:

> The court has the inherent power to disqualify counsel "where necessary to preserve the integrity of the adversary process." Motions to disqualify counsel are committed to the court's sound discretion. A motion to disqualify must be decided on its own facts, and the court must carefully balance the interest in protecting the integrity of the judicial process against the right of a party to have the counsel of its choice.
>
> The moving party bears the initial burden of going forward with evidence sufficient to establish a prima facie case that disqualification is warranted.FN7 The ultimate burden of proof, however, lies with the attorney or firm whose disqualification is sought.FN8 In some instances, an evidentiary hearing is required before the court may enter an order disqualifying counsel.FN9 An evidentiary hearing, however, is not required when the parties have fully briefed the issue and when there are no disputed issues of act or there is otherwise no need for any additional evidence to be presented to the court.

Id. at 1125 (footnotes omitted).

The court finds that Barnes has not met his initial burden to demonstrate that disqualification is warranted. Mr. Wachtal's and his law firm's prior representation of Lucky 7 Payday Loan,

-2-

Inc. and Barnes concern matters totally unrelated to Barnes' contention in this case.  There is no allegation or evidence of any connection between Lucky 7 Payday Loan, Inc. and Genetic Technologies, Inc. Barnes does not contend, nor does it appear, that Mr. Wachtal or any member of Mr. Wachtal's law firm will ever be required to be a witness in this case or that they have any knowledge of the facts which somehow could be considered confidential.  An evidentiary hearing is not required because there are no disputed issues of fact or any need for additional evidence.

Accordingly, Barnes' motion to recuse (Doc. 6) is denied. The "motion to hear" (Doc. 9) is denied as moot.

IT IS SO ORDERED.

Dated this __5th__ day of January 2006, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE