**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**GREGORY J. BARNES,**               )
                                      )
        **Plaintiff,**           )
                                      )
**v.**                                )    Case No. 05-1328-MLB
                                      )
**GENETIC TECHNOLOGIES, INC.,**       )
                                      )
        **Defendant.**          )
                                      )
_____     )

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion to strike "plaintiff's request for additional discovery information." (Doc. 11). Plaintiff, proceeding pro se, opposes the motion. For the reasons set forth below, the motion shall be GRANTED IN PART.

**Background**

Highly summarized, plaintiff alleges Genetic Technologies was retained to perform DNA tests to determine whether he was the father of a minor child. The tests were apparently undertaken in connection with a state court paternity action where it was

ultimately determined that plaintiff was the father of the child.[1]  Plaintiff contends that defendant (1) was negligent in performing the test, (2) misrepresented its accreditation, (3) failed to comply with Kansas law, and (4) defamed his character.

### Motion to Strike

On December 19, 2005, plaintiff filed and served a "request for additional discovery." Specifically, plaintiff requested (1) documents related to defendant's accreditation in 2001, (2) the test results from all paternity and DNA tests conducted by defendant in 2001, and (3) information regarding whether defense counsel or his staff were employed full time by defendant or on a retainer.  Defendant moved to strike, arguing that the request was premature because the parties had not yet conferred as required by Fed. R. Civ. P. 26(f).  In the alternative, defendant argued that the request for all test results in 2001 should be denied for lack of relevance.

The motion and the status of discovery were discussed at the Scheduling Conference on January 6, 2006, and plaintiff was granted leave to file a response to the motion out of time.

---

[1] Plaintiff filed several motions in the state district court seeking to vacate the paternity judgment and twice appealed the matter to the Kansas Court of Appeals.  All of these efforts were unsuccessful.  See State of Kansas v. Barnes, 98 P. 3d 304 (Table, Text in Westlaw, No. 91,613, 2004 WL 2238790)(Kan. App., Oct. 1, 2004) and State of Kansas v. Barnes, 68 P. 3d 651 (Kan. App., May 16, 2003)(Table, No. 88,669).  Plaintiff then unsuccessfully sought to re-litigate the paternity issue in federal court.  See Barnes v. State of Kansas, Case Nos. 04-1382-WEB and 05-1273-MLB, District of Kansas.  Having exhausted his efforts to overturn the paternity judgment, plaintiff now sues the testing company and, in a separate lawsuit, sues his former attorney (Barnes v. Roberts, Case No. 05-1327-WEB, District of Kansas).

In his "response brief" plaintiff renewed his request for the three categories of information and added: "the information is legitimate and necessary to this case." Defendant counters that it has now provided the information concerning Request No. 1 (accreditation) and Request No. 3 (legal representation). However, defendant continues to object to Request No. 2 (all test results) as lacking relevance.

Although plaintiff's December 19 discovery requests were premature, the court will resolve the parties' dispute concerning Request No. 2 for the sake of judicial economy. On its face, Request No. 2 is overly broad since plaintiff asks for "all" results for paternity and DNA tests conducted in 2001. Equally important, the relevancy of "all test results" is not readily apparent to the claims in this case. Because plaintiff has failed to show the relevance of this broad request, defendant's motion to strike Request No. 2 shall be GRANTED.

**IT IS THEREFORE ORDERED** that defendant's motion to strike **(Doc. 11)** is **GRANTED IN PART**. Plaintiff's request for the production of all paternity and DNA tests results for 2001 is **DENIED.** Discovery issues related to Request No. 1 and No. 3 are **MOOT.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 24th day of January 2006.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge