IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GREGORY J. BARNES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-1328-MLB |
| ) | |
| **GENETIC TECHNOLOGIES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motions (1) to reconsider (Doc. 30) and (2) for an extension of time (Doc. 37). For the reasons set forth below, the motion to reconsider shall be DENIED. The motion for an extension of time shall be GRANTED.

### Motion to Reconsider (Doc. 30)

The following background provides context for plaintiff's motion to reconsider. Highly summarized, plaintiff proceeds pro se and alleges that Genetic Technologies was retained in state proceedings to perform DNA tests to determine whether he was the father of a minor child. The test results were adverse to plaintiff and plaintiff now contends that defendant: (1) was negligent in performing the test, (2) misrepresented its accreditation, (3)

failed to comply with Kansas law, and (4) defamed his character.[1]

On December 19, 2005, plaintiff filed and served a "request for additional discovery." Defendant moved to strike, arguing that the discovery request was premature and that his request for *all 2001 DNA test results* lacked relevance.  After considering the parties' arguments the court granted defendant's motion to strike and held:  (1) the request for *all* DNA test results prepared by Genetic Technologies in 2001 was overly broad and (2) plaintiff failed to show the relevance of such a broad request.  (Doc. 27, January 24, 2006).[2] Plaintiff now moves for reconsideration of the January 24 Order.

The standards for reconsideration are well established:  (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) to correct clear error or prevent

---

[1] The tests were undertaken in connection with a state court paternity action in which plaintiff was determined to be the father of the child. Plaintiff filed several motions in state district court seeking to vacate the paternity judgment and twice appealed the matter to the Kansas Court of Appeals. All of these efforts were unsuccessful. See State of Kansas v. Barnes, 98 P. 3d 304 (Table, Text in Westlaw, No. 91,613, 2004 WL 2238790)(Kan. App., Oct. 1, 2004) and State of Kansas v. Barnes, 68 P. 3d 651 (Kan. App., May 16, 2003)(Table, No. 88,669). Plaintiff then unsuccessfully sought to re-litigate the paternity issue in federal court. See Barnes v. State of Kansas, Case Nos. 04-1382-WEB and 05-1273-MLB, District of Kansas. Having exhausted his efforts to overturn the paternity judgment, plaintiff now sues the testing company and, in a separate lawsuit, sues his former attorney (Barnes v. Roberts, Case No. 05-1327-WEB, District of Kansas).

[2] The motion and the status of discovery were discussed at the Scheduling Conference on January 6, 2006, and plaintiff was granted leave to file a response to the motion out of time. In his "response brief" plaintiff renewed his request for the three categories of information and added:  "the information is legitimate and necessary to this case." Defendant provided the information concerning Request No. 1 (accreditation) and Request No. 3 (legal representation). However, defendant maintained its objection to Request No. 2 (all test results) as lacking relevance.

manifest injustice. D. Kan. Rule 7.3. Such a motion "is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence." Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). However, advancing new arguments or facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Id.

Clearly, plaintiff makes no showing of a change in controlling law or the availability of new evidence that was otherwise unavailable. At best, plaintiff attempts to bolster his earlier arguments for the production of all test results from 2001. However, his arguments remain unpersuasive and the court declines to reconsider its prior ruling.[3] Accordingly, his motion for reconsideration shall be DENIED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to reconsider **(Doc. 30)** is **DENIED.**

### Motion for an Extension of Time

Plaintiff moves for a 30-day extension of time to answer defendant's "First

---

[3] Plaintiff's claims are based on the results of a DNA test of his mother (Cora Barnes). The statistical result (a 55% "relative chance of relatedness") is not in dispute. (Plaintiff's Complaint, Doc. 1, para. III). Instead, plaintiff asserts that the 55% determination somehow violates K.S.A. 38-114(a)(5) and that defendant was negligent in concluding that plaintiff's mother could not be excluded as the grandmother of the minor child. Under the circumstances, plaintiff's request for *all other DNA test results conducted in 2001* is overly broad and lacks relevance.

Interrogatories to Plaintiff." Because this lawsuit is in the early stages of discovery and plaintiff proceeds pro se, the motion shall be GRANTED. However, plaintiff is admonished that any future motion for an extension of time must comply with D. Kan. Rule 6.1. Failure to comply with Rule 6.1 may result in the summary denial of such a motion.

**IT IS THEREFORE ORDERED** that plaintiff's motion for an extension of time **(Doc. 37)** is **GRANTED.** Plaintiff shall answer the interrogatories on or before **March 15, 2006.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 23rd day of February 2006.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge