IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

GREGORY J. BARNES,                    )
                                      )
                    Plaintiff,        )      **CIVIL ACTION**
                                      )
v.                                    )      No.  05-1328-MLB
                                      )
GENETIC TECHNOLOGIES, INC.,           )
                                      )
                    Defendant.        )
_____)

<u>**MEMORANDUM AND ORDER**</u>

This case comes before the court on defendant's motion for summary judgment.  (Doc. 68).  The motion has been fully briefed and is ripe for decision.  (Docs. 69, 76, 77).  Defendant's motion is granted for the reasons herein.

I.     **SUMMARY JUDGMENT STANDARDS**[1]

The usual and primary purpose of the summary judgment rule is to

---

[1] Before analyzing defendant's motion for summary judgment, the court notes plaintiff is not represented by counsel.  It has long been the rule that <u>pro</u> <u>se</u> pleadings, including complaints and pleadings connected with summary judgment, must be liberally construed.  <u>See</u> <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); <u>Hill v. Corrections Corp. of America</u>, 14 F. Supp. 2d 1235, 1237 (D. Kan. 1998).  This rule requires the court to look beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or sentence construction.  <u>See</u> <u>Hall</u>, 935 F.2d at 1110.  Liberal construction does not, however, require this court to assume the role of advocate for the <u>pro</u> <u>se</u> litigant.  <u>See</u> <u>id.</u>  Plaintiff is expected to construct his own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this district.  <u>See</u> <u>id.</u>; <u>Hill</u>, 14 F. Supp. 2d at 1237.  Additionally, the court need not accept as true plaintiff's conclusory allegations because no special legal training is required to recount the facts surrounding alleged injuries.  <u>See</u> <u>Hill</u>, 14 F. Supp. 2d at 1237.  Thus, the court is required to accept as true only plaintiff's well-pleaded and supported factual contentions.  <u>See</u> <u>id.</u>  In the end, plaintiff's <u>pro</u> <u>se</u> status, in and of itself, does not prevent this court from granting summary judgment.  <u>See</u> <u>Northington v. Jackson</u>, 973 F.2d 1518, 1521 (10th Cir. 1992).

isolate and dispose of factually unsupported claims or defenses.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "shows] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  An issue is "genuine" if sufficient evidence exists on each side "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim."  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998) (citations omitted); see also Adams v. American Guar. & Liab. Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000) (citing Adler).  The mere existence of some factual dispute will not defeat an otherwise properly supported motion for summary judgment because the factual dispute must be material.  See Renfro v. City of Emporia, 948 F.2d 1529, 1533 (10th Cir. 1991).  In determining whether genuine issues of material fact exist, the court "constru[es] all facts and reasonable inferences in a light most favorable to the nonmoving party."  Pub. Serv. Co. of Colo. v. Cont'l Cas. Co., 26 F.3d 1508, 1513-14  (10th Cir. 1994).

     Defendant initially must show both an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  See Adler, 144 F.3d at 670.  Because plaintiff bears the burden of proof at trial, defendant need not "support [its] motion with affidavits or other similar materials negating [plaintiff's]" claims or defenses.  Celotex, 477 U.S. at 323 (emphasis in original).  Rather, defendant can satisfy its obligation simply by pointing out the absence of evidence on an essential element of plaintiff's claim.  See Adler, 144

F.3d at 671 (citing <u>Celotex</u>, 477 U.S. at 325).

If defendant properly supports its motion, the burden then shifts to plaintiff, who may not rest upon the mere allegation or denials of its pleading, but must set forth specific facts showing that there is a genuine issue for trial.  <u>See</u> <u>Mitchell v. City of Moore</u>, 218 F.3d 1190, 1197-98 (10th Cir. 2000).  In setting forward these specific facts, plaintiff must identify the facts "by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." <u>Adler</u>, 144 F.3d at 671.  If the evidence offered in opposition to summary judgment is merely colorable or is not significantly probative, summary judgment may be granted.  <u>See</u> <u>Cone v. Longmont United Hosp. Ass'n</u>, 14 F.3d 526, 533 (10th Cir. 1994).  Plaintiff "cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." <u>Conaway v. Smith</u>, 853 F.2d 789, 793 (10th Cir. 1988).  Put simply, plaintiff must "do more than simply show there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986).

Certain local rules further govern the presentation of facts and evidence.  Local Rule 56.1 requires the movant to set forth a concise statement of material facts.  D. Kan. Rule 56.1.  Each fact must appear in a separately numbered paragraph and each paragraph must refer with particularity to the portion of the record upon which the defendant relies.  <u>See</u> <u>id.</u>  The opposing memorandum must contain a similar statement of facts.  Plaintiff must number each fact in dispute, refer with particularity to those portions of the record upon

which he relies and, if applicable, state the number of the defendant's fact that he disputes. The court may, but is not obligated to, search for and consider evidence in the record that would rebut the defendant's evidence, but that plaintiff has failed to cite. See Mitchell, 218 F.3d at 1199; Adler, 144 F.3d at 672. All material facts set forth in the statement of defendant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of plaintiff. See id.; Gullickson v. Southwest Airlines Pilots' Ass'n, 87 F.3d 1176, 1183 (10th Cir. 1996) (applying local rules of District of Utah). A standing order of this court also precludes drawing inferences or making arguments within the statement of facts.

The parties need not present evidence in a form that would be admissible at trial, but the content or substance of the evidence must be admissible. See Thomas v. Int'l Bus. Machs., 48 F.3d 478, 485 (10th Cir. 1995) (internal quotations and citations omitted). For example, hearsay testimony that would be inadmissible at trial may not be included. See Adams, 233 F.3d at 1246. Similarly, the court will disregard conclusory statements and statements not based on personal knowledge. See Cole v. Ruidoso Mun. Schs., 43 F.3d 1373, 1382 (10th Cir. 1994) (regarding conclusory statements); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995) (requiring personal knowledge). Finally, the court may disregard facts supported only by references to documents unless the parties have stipulated to the admissibility of the documents or the documents have been authenticated by and attached to an affidavit meeting the requirements of Rule 56(e). See Fed. R. Civ. P. 56(e); D. Kan. Rule 56.1; 10A

-4-

Charles Alan Wright, et al., Federal Practice and Procedure § 2722 (2d ed. 1983) (footnotes omitted).

In the end, when confronted with a fully briefed motion for summary judgment, the court must determine "whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  If sufficient evidence exists on which a trier of fact could reasonably find for the plaintiff, summary judgment is inappropriate. See Prenalta Corp. v. Colo. Interstate Gas Co., 944 F.2d 677, 684 (10th Cir. 1991).

## II.  FACTS[2]

On February 26, 2001, the State of Kansas filed a paternity suit in the District Court of Sedgwick County Kansas, naming Barnes as the defendant.  The petition alleged that Barnes is the natural father of Greg'Kayla Barnes.  On April 30, 2001, the court issued an order for genetic testing.  Laboratory Corporation of America performed the genetic testing and reported that the probability of paternity was 99.97%.  Cheryl Roberts, Barnes' counsel in the paternity case, contacted defendant and requested a DNA paternity test on Barnes, Sonya Singleton (the mother) and the child.  Roberts informed defendant that the prior test was performed using mouth swabs and that

---

[2] In his response, plaintiff failed to put forth any specific facts as required by D. Kan. Rule 56.1.  See also Mitchell, 218 F.3d at 1197-98.  In addition, plaintiff failed to controvert any of defendant's uncontroverted facts.  Therefore, all facts set out in defendant's motion for summary judgment are deemed admitted by plaintiff for summary judgment purposes.  Mitchael v. Intracorp, Inc., 179 F.3d 847, 856 (10th Cir. 1999).

Barnes was requesting additional testing with blood samples. (Doc. 69 at 2-4).

Defendant conducted the test, following all protocols and procedures to insure that its test results were accurate and correctly reported. The test results indicated that Barnes was 4669 times more likely to be the biological father of the child than any untested, unrelated African American male. Defendant concluded that a 99.9786% probability existed that Barnes was the biological father. Barnes' counsel obtained the results on September 6, 2001. (Doc. 69 at 4-5).

Barnes again requested DNA testing from defendant. This time, Barnes requested that defendant use a DNA sample provided by Barnes' mother and to exclude Barnes' DNA samples in the testing. On October 25, 2001, defendant reported its results to p Barnes' counsel. Defendant concluded that there was a 55.3414% chance of relatedness between plaintiff's mother and the minor child. On October 26, 2001, the District Court of Sedgwick County issued a Journal Entry of Judgment in the underlying paternity case finding Barnes to be the father of the minor child. Barnes was ordered to pay child support, maintain health insurance on the child and reimburse the State of Kansas for certain expenses. (Doc. 69 at 5-6).

By the 25th or 26th of October, 2001, Barnes was aware of the results of the DNA testing performed on Cora Barnes, the minor child, and Sonya Singleton. On October 26, Barnes contacted an employee of defendant, Stephanie, and asked why the results were only 55%. Barnes testified that he stated that those results do not meet the state requirements. Barnes did not believe the results of all three paternity tests were correct since he had previously been informed by

his doctor that he was sterile. (Docs. 69 at 7; Depo. of Gregory Barnes, exh. 9 at 23-24).

Even if Barnes' claims have any merit, it is clear beyond dispute that at least by October 25, 2001, Barnes had notice that he had suffered injury as a result of defendant's test results. Barnes asserts that defendant's conduct was fraudulent and negligent. Barnes also alleges that defendant's statements in the reports issued to the court were defamatory. Barnes filed his complaint against defendant on October 31, 2005, four years after he allegedly suffered the injuries which form the basis for this suit. (Docs. 69 at 7-8; 1 at 4).

## III. ANALYSIS

Defendant moves for summary judgment on the basis that Barnes' claims are barred by the applicable statute of limitations. A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits, including that state's choice-of-law rules. See ORI, Inc. v. Lanewala, 147 F. Supp.2d 1069, 1078 n. 9 (D. Kan. 2001). For Barnes' fraud, misrepresentation and defamation claims, the Kansas Supreme Court has held that the law of the state where the tort occurs controls. See Carolina Indus. Products, Inc. v. Learjet, Inc., 2001 WL 1636547, *9 n. 12 (D. Kan. Dec. 18, 2001)(citing Ling v. Jan's Liquors, 237 Kan. 629, 635, 703 P.2d 731, 735 (1985)). All of the acts alleged by Barnes occurred in the state of Kansas. Accordingly, Kansas law controls.

Kansas law provides that a claim for defamation is barred after one year. K.S.A. 60-514(a). However, defamation and invasion of privacy are two different torts. See, e.g., Dominguez v. Davidson,

266 Kan. 926, 937, 974 P.2d 112, 121 (1999). A claim for invasion of privacy is governed by a two year statute of limitations. K.S.A. 60-513(a)(4). The elements for invasion of privacy by false light are (1) publication to a third party, (2) false representation of the person; and (3) a representation which is highly offensive to a reasonable person. <u>Castleberry v. Boeing Co.</u>, 880 F. Supp. 1435, 1442 (D. Kan. 1995). Defamation involves "(1) false and defamatory words; (2) communication to a third party; and (3) resulting harm to the reputation of the person defamed." <u>Batt v. Globe Eng'g Co.</u>, 13 Kan. App. 2d 500, 504, 774 P.2d 371, 375 (1989). Courts often treat these actions claims similarly. <u>Castleberry</u>, 880 F. Supp. at 1442. In construing Barnes' complaint liberally, the court determines that Barnes has stated a claim for either defamation or invasion of privacy. Accordingly, the court will determine if Barnes' claim is barred by the two year statute of limitations.

In addition to providing a two year statute of limitations for privacy by false light, K.S.A. 60-513(a) also sets out a two year statute of limitations for fraud and negligence. "The statute of limitations starts to run in a tort action at the time a negligent [or fraudulent] act causes injury if both the act and the resulting injury are reasonably ascertainable by the injured person." <u>Moon v. City of Lawrence</u>, 267 Kan. 720, 727, 982 P.2d 388, 394 (1999). "In other words, a plaintiff in a fraud lawsuit must file his or her action within two years of discovering the fraud [or negligence] if he or she suffered an ascertainable injury at that time." <u>Evolution, Inc. v. SunTrust Bank</u>, 342 F. Supp. 2d 964, 972 (D. Kan. 2004).

According to the uncontested facts, defendant's publication of

the test results occurred in October 2001. Barnes testified that he was injured at the time of the publication. Moreover, Barnes called defendant in October 2001 to inquire as to why the state regulations were not followed. Barnes knew in October 2001 that defendant had allegedly violated state regulations in issuing a test with 55% accuracy. Accordingly, the act occurred in October 2001, Barnes had knowledge of the act and assuming Barnes suffered injury, it occurred at that time.[3] Since Barnes filed his case more than four years after the occurrence of the act and subsequent injury, on October 25, 2005, his claims are barred by the statute of limitations.

## IV.   CONCLUSION

Defendant's motion for summary judgment (Doc. 68) is granted.


IT IS SO ORDERED.

Dated this   __14th__   day of August 2006, at Wichita, Kansas.


                              s/ Monti Belot
                              Monti L. Belot
                              UNITED STATES DISTRICT JUDGE

---

    [3] In deciding this case, the court has not had to rule on the merits of Barnes' claims. It is quite apparent, however, that Barnes' chances of surviving summary judgment on the merits are nil.

-9-